# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 19, 2008

## STATE OF TENNESSEE v. DEMETRY FITZGERALD CONLEY

**Direct Appeal from the Circuit Courts for Marshall County and Lincoln County**
**Nos. 17437, 17438 and S0700004, S0700062     Robert Crigler, Judge**

---

**No. M2007-01667-CCA-R3-CD - Filed July 9, 2009**

---

The defendant, Demetry Fitzgerald Conley, pled guilty in four separate cases to multiple counts of forgery and theft. In Lincoln County case number S0700004, the defendant pled guilty to two counts of forgery between $500 and $1000 (Class E felony). In Lincoln County case number S0700062, the defendant pled guilty to one count of forgery between $500 and $1000. For these three convictions, the defendant was sentenced to concurrent two-year sentences, with 365 days to serve in the county jail. In Marshall County case number 17437, the defendant pled guilty to thirty-two counts of forgery up to $1000 (Class E felony). In Marshall County case number 17438, the defendant pled guilty to thirty-four counts of forgery up to $1000 (Class E felony), fifteen counts of theft under $500 (Class A misdemeanor), and two counts of theft of property between $500 and $1000 (Class E felony). The court subsequently imposed a sentence of one-year and six-months for each forgery conviction and eleven months and twenty-nine-day sentences for each theft. Based upon the imposition of partial consecutive sentencing, the effective sentence in the two Marshall County cases was six years, with 365 days to serve. The court further ordered that the Marshall and Lincoln County cases be served consecutively to each other for a total effective sentence of eight years, with two terms of 365 days to be served in the local county jail. The balance of the sentence was to be served on community corrections. On appeal, the defendant raises two issues for our review: (1) whether the trial court erred by ordering a sentence of split confinement rather than a full community corrections sentence and whether the sentence of confinement, as imposed, violates Tennessee Code Annotated section 40-35-501(a)(3); and (2) whether the trial court erred in sentencing the defendant to the maximum sentence within the range in the Lincoln County cases based upon the application of enhancement factors in violation of the defendant's Sixth Amendment rights. Following review, we affirm the judgments of the trial court with the following exceptions: 1) remand for entry of corrected judgments as identified *supra*; and 2) remand for resentencing with regard to the two Class E felony thefts in Marshall County case number 17438 as discussed *infra*.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Courts Affirmed in Part and Remanded in Part**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., joined. JAMES CURWOOD WITT, JR., J., filed a dissenting opinion.

Donna Orr Hargrove, District Public Defender, and Andrew Jackson Dearing, III, Assistant Public Defender, for the appellant, Demetry Fitzgerald Conley.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard and Brooke Grubb, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The facts of the cases, as presented at the two guilty plea hearings, are as follows:

Lincoln County

With regard to S0700062, on December 28, 2006, Sergeant Billy Brazier of the Fayetteville Police Department responded to the bank of Lincoln County on West College Street in Fayetteville, Tennessee here in Lincoln County in reference to a person who had presented a forged check at the bank.

It was discovered that [the defendant] had come into the bank and presented check number 1371 on the AEDC Federal Credit Union checking account of Deidre Conley for payment. The check was in the amount of $400. The check had been altered as to the payee, the date and the amount with different colored ink that had been used to originally write the check. [The defendant] did not have permission of Deidre Conley to do this.

With regard to case number S0700004, it was discovered on further investigation that check number 1373 in the amount of $450 had been passed on December 14th and that check number 1375 in the amount of $650 had been passed on December 15th. These are passed on the AEDC Federal Credit Union account of Deidre Conley. They were passed at the Bank of Lincoln County and it was done so without her permission.

The defendant did make a statement that says as follows: I, [the defendant], own up to writing the following checks all trying to get me through for drugs and personal such as cigarettes/food/gas, et cetera. I really was not trying to harm anyone. I am in the midst of seeking rehabilitation.

<u>Marshall County</u>

In this case, if called upon, the State has witnesses available that in the middle of October, [the defendant] - - actually I will just read his statement to the Court. That is probably easiest.

This was given to Detective Jimmy Oliver of the Lewisburg Police Department. It says, "Sometime around the middle of October my wife, Deidre, left the house to go stay with her brother because we were having problems. Because of stress in my marriage and some problems at work I started using crack. While my wife was gone I found her checkbook, an account that she no longer had and I went to businesses that kind of knew me and wrote checks on her account using her name. I used a whole book, I think maybe 20 checks. I also found her checkbook to AEDC Credit Union and got it and wrote checks on that account.

Up until the end of October my checks from Teledyne and Murphy USA were direct deposited into that account, but only my wife's name was on the account. I used a whole book, around 20 to 25 checks. I also passed them at places that kind of knew me. Deidre didn't known until later what I had done with the checks and she didn't give me any permission to use her accounts or to sign her name to the checks on her account. I got into all of this because of crack and I want to go to rehab and I plan on paying back all of the money that I got from businesses.

A Lincoln County grand jury returned indictments in two separate cases. In case number S0700004, the defendant was charged with four counts of forgery between $500 and $1000, based upon alternative theories of passing and making checks drawn on his wife's account. In case number S0700062, the defendant was charged with two alternative counts of forgery. The defendant pled guilty to two counts of forgery in case number S0700004 and to one count of forgery in case number S0700062, with the remaining charges being dismissed.

A Marshall County grand jury indicted the defendant, in case number 17437, for thirty-two counts of forgery up to $1000. The defendant pled guilty as charged, with sixteen of the convictions being merged after entry of the plea. In case number 17438, the defendant was indicted for thirty-four counts of forgery up to $1000, fifteen counts of theft under $500, and two counts of theft between $500 and $1000. He pled guilty to all counts. Seventeen counts of forgery were merged based upon the indictment for alternative theories.

At a joint sentencing hearing for the four cases, the presentence report was admitted into evidence. The report reflected that the forty-one-year-old defendant had four prior domestic violence convictions; four convictions for worthless checks; two convictions for traffic offenses; four convictions for passing a worthless check; one conviction for resisting a stop, frisk, halt, or arrest; and one conviction for theft of property between $10,000 and $60,000. It should be noted that one of the worthless check convictions involved fourteen individual worthless checks. The report also

indicated that, at the time he committed the instant offenses, the defendant was on probation for two of the domestic violence convictions and the resisting arrest conviction. Moreover, when some of the checks were written in this case, the defendant was on bond from a charge of domestic violence committed on December 4, 2006. The defendant successfully completed a five-year probationary sentence following his 1994 conviction for theft of property after he stole $30,000 from his employer. It was testified to that the defendant made restitution payments during his probation but that he made no attempts to pay the balance due to his employer after he completed probation.

According to statements made by the defendant, he began using crack cocaine at age twenty-five and used the drug on a daily basis until he was twenty-eight. At that time, the defendant went into rehabilitation. He stated that he remained off crack for thirteen years, but he relapsed due to problems in his marriage. At the time he wrote the checks in this case, he was using $300 to $400 worth of crack cocaine daily. The defendant testified at the sentencing hearing that he had gone back into treatment and had been clean for five months.

After hearing the evidence presented, the trial court sentenced the defendant as follows:

The - - all theft counts in Marshall County case number 17438 are A misdemeanors. And the Court will sentence on that at 11, 29 at 75 percent. And those will be concurrent to the respective forgeries that they go with.

. . . .

I've covered the misdemeanors. As to all other cases, they're E felony forgeries. The Court finds the defendant a Range I standard offender. He's had one prior felony conviction. . . .

And this sentence is one - - his sentencing range is I to II on all these forgeries in both counties.

. . . .

So, the proper sentence, in my opinion - - let me look here for a second. In case number - - what I'm going to do, in the Lincoln County cases, which are S0700062, there's only one plea in that case. And that's Count 1, I believe. And I'll set a two-year sentence on that as a Range I standard offender.

In Lincoln County S070004, there were two checks in that, pleas to Counts 1 and 3. Count 1 is a $450 check, December 14, '06. So Count 3 is a $650 check, December 15, '06. Set two-year sentences as a Range I standard offender on both of those.

Run all the Lincoln County cases concurrent with one another. But I will impose some consecutive sentencing under 40-35-115, as the defendant was on probation at the time these offenses were committed, subsection number (b)(6).

As to the Marshall county cases, I'm going to set a year-and-a-half sentence on each of those.

As to Counts - - as to the first eight checks, those would all be concurrent - - in 17437, as to the first eight checks, those one half sentences would all be concurrent to one another, but consecutive to the other blocks of cases.

As to the second eight checks, those would all be concurrent to one another, but consecutive to the other blocks. So basically you're talking about an effective sentence of three years in case number 17437.

In 17438, I'm going to basically do likewise, is just the first ten checks, those year-and-a-half sentences will all be concurrent with one another. And the last seven checks will all be concurrent with one another, but they'll be consecutive to each other. So that's an effective sentence of three years in 17438.

And those would be [consecutive] to each other and to Lincoln County. So basically, you got two, plus three, plus three, for an effective eight-year sentence.

I am going to impose a split sentence, but it's going to be fairly length. I'm going to order the defendant to serve 365 days on the Lincoln County cases and 365 days on the Marshall County cases stacked. I will give him work release. . . .

Following service of the two 365-day terms, the balance of the sentence was to be served on community corrections.

Following imposition of sentence in this case, the defendant filed a timely notice of appeal in both the Lincoln County and Marshall County cases. This court subsequently granted his motion to consolidate the two appeals, which are now before this court.

**Analysis**

On appeal, the defendant refers to three issues in his brief: (1) whether the appropriate sentence in this case would have been to sentence the defendant to community corrections: (2) whether the trial court erred in ordering a split sentence in the Lincoln and Marshall County cases; and (3) whether the trial court erred in imposing the maximum sentence in the Lincoln County cases based upon application of enhancement factors in violation of the Sixth Amendment. Addressing his issues 1 and 2 together, the defendant argues that the court erred in imposing a sentence of split confinement rather than a full community corrections sentence and that the sentence of split

confinement, as imposed, is violative of statutory law because the 365-day terms of service would extend beyond his release eligibility date in violation of Tennessee Code Annotated section 40-35-501(a)(3).

Before reaching the issues raised by the defendant, we must address several errors found on the judgments of conviction. Review of the record reveals that: (1) In Lincoln County case number S0700062, the judgment reflects that the defendant was convicted of a Class D rather than a Class E felony, and the judgment does not denote a sentence of community corrections; (2) In Marshall County case number 17437, there is no judgment form indicating disposition of Count 32, although the transcript indicates that the count was merged with Count 31; and (3) In Marshall County case number 17438, six counts of theft of property, those being counts 36, 39, 42, 45, 48, and 51 fail to specify that the sentence was to be served on community corrections. Moreover, in case 17438, counts 21 and 24, for Class E felony theft, reflect a sentence of eleven months and twenty-nine days. The trial court mistakenly stated on the record that all the thefts in case number 17438 were misdemeanors and imposed sentences of eleven months and twenty-nines. The proper range for a Class E felony is one to two years; thus, the trial court should resentence the defendant as appropriate for these two felony theft convictions. Accordingly, remand for correction of these errors is necessary.

## I. Split Confinement Sentence

### a. Split Confinement

The defendant contends that the trial court erred by imposing a sentence of split confinement rather than a full community corrections sentence. He contends that "the more appropriate sentence in this case would be community corrections without a split sentence." He goes on to state that "[t]he crimes he committed were not of a violent nature and he is in need of job training and for drug and alcohol inpatient treatment. Because of these issues, he is eligible for Community Corrections." There is no dispute that the defendant is eligible for community corrections, and he did, in fact, receive a sentence involving release into that program following the service of a portion of his sentence. *See* T.C.A. § 40-36-106 (2006).

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a *de novo* review of a sentence, this court must consider: (a) any evidence received at the trial and/or sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel relative to sentencing alternatives; (e) the nature and characteristics of the offense; (f) any mitigating or enhancing factors; (g) any statements made by

the accused in his own behalf; and (h) the accused's potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40-35-103, -210 (2006). The party challenging the sentences imposed by the trial court has the burden of establishing that the sentence is erroneous. T.C.A. § 40-35-401, Sentencing Comm'n Cmts.; *Ashby*, 823 S.W.2d at 169.

Our sentencing law provides that a defendant who does not possess a criminal history showing a clear disregard for the laws and morals of society, who has not failed past rehabilitation efforts, and who is an especially mitigated or standard offender convicted of a Class C, D, or E felony *should* be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(5), (6) (2006) (emphasis added). When determining if incarceration is appropriate, a trial court should consider if: (A) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (B) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or (C) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. T.C.A. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. T.C.A. § 40-35-103(5).

This court has previously held that, in the appropriate case, a one-year period of confinement can be imposed in conjunction with a community corrections sentence. *State v. Robert M. Bass*, No. M2003-01124-CCA-R3-CD (Tenn. Crim. App., at Nashville, Apr. 6, 2004). In imposing such a sentence of split confinement in this case, the trial court made the following findings of fact:

> As to the split sentence, I do also need to make one more finding. And that is that the defendant has a history of criminal conduct. I will say a long history of criminal conduct considering his drug use, when you combine it with his record of convictions. Also, that less restrictive measure and confinement has been employed frequently and recently, very - - recently is very important, unsuccessfully to the defendant, because these checks were written not long after he was put on probation in Sessions court.

> And it's also needed to avoid depreciating the seriousness of the offenses and particularly suited to provide a effective deterrent to people likely to commit similar offenses.

We agree with the trial court's determinations that a sentence of incarceration was warranted under subsections (A), (B), and (C) of Tennessee Code Annotated section 40-35-103(1). Because the record demonstrates that the trial court properly considered the sentencing principles and all relevant facts and circumstances, these findings of the trial court are presumed correct. *See* T.C.A.

§ 40-35-401(d); *Ashby*, 823 S.W.2d at 169. Subsection (A) provides that a sentence of confinement may be imposed if "confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." T.C.A. § 40-35-103(1)(A). The presentence report, along with the defendant's admitted illegal drug usage, establishes a long history of criminal conduct, ranging over most of the defendant's adult life. Subsection (B) provides that confinement may be imposed if it "is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses." *Id*. at -103(1)(B). We conclude that the record also supports this finding, as the circumstances of the offenses are of an excessive or exaggerated degree, and that the nature of the offenses outweighs all factors favoring a sentence of probation. *See State v. Grissom*, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997) (citing *State v. Bingham*, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995); *State v. Hartley*, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)). Subsection (C) provides that a sentence of confinement may be imposed when "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." *Id.* at -103(1)(C). There can be no dispute in this case that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to this defendant, as the record establishes that he was on probation and bond at the time the instant offenses were committed. Moreover, the presentence report indicates that he had been given numerous probationary sentences for his various prior convictions. We note at this juncture that a finding of any one of these factors would have supported the imposition of a sentence of incarceration. Thus, after review, we conclude that the trial court did not err in imposing a sentence of split confinement.

### b. Tennessee Code Annotated section 40-35-501(a)(3)

Relying upon Tennessee Code Annotated section 40-35-501(a)(3), the defendant contends that the trial court erred in requiring him to serve 365-day terms in both the Lincoln County and Marshall County cases. He argues that the imposition of the two one-year terms of confinement is inconsistent with section 40-35-501(a)(3), which states:

> Notwithstanding any other provision of law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date.

T.C.A. § 40-35-501(a)(3) (2006). Essentially, the defendant is arguing that the court has improperly sentenced him to serve terms of 365 days because the length of the terms exceed his release eligibility dates on the sentences of two years in Lincoln County and of one year and six months in the Marshall County cases. The defendant cites *State v. Sutton*, 166 S.W.3d 686 (Tenn. 2005), in which our supreme court held that "where there is specific language in a statute indicating that a defendant *shall* be released upon reaching the release eligibility date, there is more than a mere hope of release. . . . [B]ased on Tennessee Code Annotated section 40-35-501(a)(3) (2003), [defendants sentenced to terms of two years or less have a right] to have the remainder of their sentence suspended upon reaching their release eligibility date." 166 S.W.3d at 691. Previous panels of this court have held that this statute is applicable to community corrections sentences. *Robert M. Bass*,

No. M2002-01124-CCA-R3-CD; *State v. Jermaine Reshawn Scott, Anthony Ray Tharpe, and Felicia Ann Taylor*, No. W2002-01812-CCA-R3-CD (Tenn. Crim. App., at Jackson, Dec. 30, 2003).

However, we find no error in the instant case. Although each of the defendant's individual sentences imposed are two years or less, the provisions of Tennessee Code Annotated section 40-35-501(a)(3) further provide that "such release shall not occur for sentences of two (2) years or less when such sentences are part of a consecutive sentence whose term is greater than two (2) years." When applying this statute, the proper procedure to employ is to look to the total time a defendent is to serve under Department of Correction jurisdiction, regardless of where the sentences are imposes, *i.e.*, Lincoln County versus Marshall County. Because the defendant's consecutive sentences in this case equal a term greater than two years, the provisions of the statute are not applicable to him. Thus, his argument is without merit.

## II. Length of Sentence

Finally, the defendant contends, for the first time, that he "should be sentenced to the minimum sentence within the Range since the Court applied statutory enhancement factors to increase the sentence not found by the Jury" in violation of the defendant's Sixth Amendment rights in the Lincoln County cases. The defendant does not contest the sentences on any other ground and does not challenge the Marshall County sentences, even though enhancement factors were also applied in those cases. In sentencing the defendant, the trial court found that three enhancement factors were applicable: (1) a previous history of criminal convictions and criminal behavior; (2) the offense involved more than one victim; and (3) the defendant was on bond and probation when the offenses occurred. *See* T.C.A. § 40-35-114(1), (3), (13) (2006).

The defendant is correct in his assessment of our current law, as the Tennessee Supreme Court recently concluded that a trial court's enhancement of a defendant's sentence, on the basis of judicially determined facts other than a defendant's prior convictions, violated that defendant's constitutional right under the Sixth Amendment to the United States Constitution. *State v. Gomez,* 239 S.W.3d 733, 740-41 (Tenn. 2007) ("*Gomez II*"). However, the court reaffirmed the holding from *Gomez I* that a defendant who failed to challenge this issue prior to appeal waived plenary appellate review of the sentencing claims. Thus, if the issue is raised for the first time on appeal, as it is in the instant case, an appellate court's review is limited to whether the trial court committed plain error in sentencing the defendant. *Id*. at 737.

Regardless, we note at this juncture that the above provisions are not applicable to the defendant's sentencing, as the holding in *Gomez II* is applicable only to defendants sentenced under Tennessee's pre-2005 sentencing act. In response to *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531 (2004), our sentencing act was amended effective June 7, 2005. The Compiler's Notes to Tennessee Code Annotated section 40-35-210 provide that:

> [o]ffenses committed prior to June 7, 2005, shall be governed by prior law, which shall apply in all respects. However, for defendants who are sentenced after June 7,

2005, for offenses committed on or after July 1, 1982, the defendant may elect to be sentenced under the provisions of the act by executing a waiver of such defendant's ex post facto protections. Upon executing such a waiver, all provisions of the act shall apply to the defendant.

The offenses committed by the defendant in Lincoln County occurred in December 2006, well after the effective date of the amended sentencing act. Though not challenged, we note that the Marshall County offenses also occurred after the effective date. Thus, the defendant was sentenced pursuant to the amended act of 2005, which rendered the enhancement and mitigating factors merely advisory, not binding, on the trial court. *See* T.C.A. § 40-35-210(c). As such, there is no violation of the defendant's Sixth Amendment rights. The record supports the enhancement factors found by the trial court, and we conclude that they support the sentences imposed.

**CONCLUSION**

Based upon the foregoing, the judgments of the trial court are affirmed with the following exceptions: (1) remand for entry of corrected judgments as identified *supra*: and (2) remand for resentencing with regard to the two Class E felony thefts in Marshall County case number 17438 as discussed *supra*.

_____
JOHN EVERETT WILLIAMS, JUDGE